**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-4525**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HENRY LEE NELSON, a/k/a Goldie,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Charleston.   David C. Norton, District Judge. (CR-04-952)

─────────────

Submitted: November 21, 2006          Decided:  November 28, 2006

─────────────

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

James A. Brown, Jr., LAW OFFICES OF JIM BROWN, P.A., Beaufort, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Carlton R. Bourne, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Henry Lee Nelson appeals his conviction by a jury and sentence on charges of conspiracy to possess with intent to distribute and distribution of five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2000) (Count 1), and conspiracy to launder money, in violation of 18 U.S.C. § 1956(h) (2000) (Count 18).* Nelson appeals, alleging that the district court abused its discretion in limiting the scope of cross-examination as to the polygraph provision of the witness' plea agreement, and that the Government improperly bolstered the credibility of certain witnesses by referencing their cooperation in other cases than the one at bar. We find these challenges to be without merit.

First, we find no abuse of discretion in the district court's decision to preclude cross-examination of Government cooperating witnesses as to the polygraph provision in their plea agreements. It is well-established in this Circuit that polygraph examination results, or even the reference to the fact that a witness has taken a polygraph examination, are not admissible. United States v. Prince-Oyibo, 320 F.3d 494, 501 (4th Cir. 2003). We decline to revisit this *per se* rule against polygraph evidence here.

_____

*The district court sentenced Nelson to a life sentence as to Count 1 and twenty years' imprisonment as to Count 18.

We review Nelson's assertion of improper bolstering for plain error, as he failed to object at trial. United States v. Jarvis, 7 F.3d 404, 410 (4th Cir. 1993). He challenges the Government's questioning of Elliott Porcher, Leones Lesane, Flarantino Rhodes, and Leonard Pelzer, four of its eighteen witnesses, regarding their previous cooperation. We find that, even assuming, arguendo, that the Government's comments constituted improper vouching, there was no prejudice to Nelson. The comments were not such that they could have misled the jury, they were not extensive, there was a plethora of other evidence, including the unchallenged testimony of fourteen other cooperating witnesses, which provided strength of proof of guilt absent the challenged comments, and there is no dispute that the comments were not made deliberately to divert the jury's attention. See, e.g., United States v. Sanchez, 118 F.3d 192, 198 (4th Cir. 1997); United States v. Mitchell, 1 F.3d 235, 240 (4th Cir. 1993). As the challenged comments did not so infect the trial with unfairness such that Nelson's conviction resulted from a denial of due process, we reject his claim of error.

Accordingly, we affirm Nelson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED